In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00025-CV


______________________________




NELWYN MILLER, Appellant



V.



JOHN R. MERCY, Appellee




 


On Appeal from the County Court at Law


Bowie County, Texas


Trial Court No. 06C1643A-CCL




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Appellant, Nelwyn Miller, and appellee, John R. Mercy, have filed with this Court a joint
motion to dismiss the pending appeal in this matter and remand the cause to the trial court. The
parties represent to this Court they have reached a full and final settlement. In such a case, no real
controversy exists, and in the absence of a controversy, the appeal is moot.

 We grant the motion. We set aside without regard to the merits the judgment of the trial
court and remand the case to the trial court for rendition of judgment in accordance with the
agreement. See Tex. R. App. P. 42.1(a)(2)(B). 


 Jack Carter

 Justice


Date Submitted: June 26, 2008

Date Decided: June 27, 2008





60;  Tommy Ray Young appeals from his conviction by the trial court for deadly conduct. 
Young's punishment was enhanced as a habitual offender. The trial court sentenced
Young to thirty-five years' imprisonment. We dismiss Young's appeal for want of
jurisdiction.
          The trial court filed a certification, in accordance with Rule 25.2(a)(2), that this case
"[i]s a plea-bargain case, and the Defendant has NO right of appeal." Rule 25.2(a)(2)
states, in pertinent part: 
(2) . . . A defendant in a criminal case has the right of appeal under Code of
Criminal Procedure article 44.02 and these rules. The trial court shall enter
a certification of the defendant's right of appeal in every case in which it
enters a judgment of guilt or other appealable order.
Tex. R. App. P. 25.2(a)(2). If a certification showing that the defendant has the right to
appeal is not made a part of the appellate record, we must dismiss the case unless the
record affirmatively indicates that an appellant may have the right to appeal. Tex. R. App.
P. 25.2(d); see Greenwell v. Court of Appeals for Thirteenth Judicial Dist., 159 S.W.3d 645,
649 (Tex. Crim. App. 2005); Dears v. State, 154 S.W.3d 610, 612 (Tex. Crim. App. 2005). 
We have examined the clerk's record to determine whether the trial court's certification is
defective. See Dears, 154 S.W.3d at 613. Nothing in the record indicates the certification
is defective. This Court lacks jurisdiction over this appeal. 
          On December 28, 2005, we informed Young, by letter, of this apparent defect in our
jurisdiction and informed him that, if he did not show us how we have jurisdiction, within ten
days of the letter, his appeal would be subject to dismissal for want of jurisdiction. Young
has now requested an extension of thirty days to file a response to our letter. The motion
for extension contains no explanation of the need for an extension. We overrule Young's
motion for extension.
          We dismiss the appeal for want of jurisdiction.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      January 11, 2006
Date Decided:         January 12, 2006

Do Not Publish